UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FEDERAL HOME LOAN MORTGAGE CORP.,         CIV. NO. 13-2634 (JNE/JSM)

       Plaintiff,                                                       REPORT AND RECOMMENDATION

v.

KELLY E. HOOD, LISA G. HOOD,
JOHN DOE, AND MARY ROE,

       Defendants.

This matter is before the Court on defendants' Motion to Set Aside Default Judgment [Docket No. 9] and plaintiff's Motion for Default Judgment or Summary Judgment [Docket No. 15]. Kevin Dobie, Esq. and Gerald G. Workinger, Jr., Esq. appeared on behalf of the plaintiff. William B. Butler, Esq. appeared on behalf of the defendants. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to U.S.C. § 636(b)(1)(A), (B), Local Rule 72.1(c), and the Amended Administrative Order issued by Chief Judge Michael J. Davis on October 11, 2013 [Docket No. 4].

This is an eviction action. The property that is the subject of this suit is located in Rogers, Minnesota ("Property"). Notice of Removal, Ex. A (Evictions Summons and Complaint) [Docket No. 1-1]. Defendants Kelly and Lisa Hood ("Hoods") are the former owners of the Property. The Property was sold at a foreclosure sale conducted on November 28, 2013. Id. (Sheriff's Certificate of Sale).

On September 12, 2013, plaintiff Federal Home Loan Mortgage Corp. ("Freddie Mac") commenced the instant action, and on September 25, 2013, the Hoods removed it from Minnesota state court. Notice of Removal [Docket No. 1].

Prior to the commencement of this action, on May 19, 2013, the Hoods sued plaintiff Freddie Mac in state court seeking to invalidate the foreclosure of the mortgage on their home. Kelly Hood and Lisa G. Hood v. Federal Home Loan Mortgage Corp. ("Hood v. Freddie Mac"), Civ. No. 13-1068 (DSD/JSM), [Docket No. 1-3] (Notice of Removal, Ex. Attach. 1 (Complaint)). Freddie Mac removed the suit to federal district court on April 22, 2013. Id. Freddie Mac then moved to dismiss the Hoods' Complaint in lieu of answering, and on January 6, 2014, this Court issued its decision granting the motion and recommending dismissal of their case with prejudice. Hood v. Freddie Mac [Docket No. 17] (Report and Recommendation).

This eviction action initiated by Freddie Mac in Minnesota state court is similar to numerous other eviction actions that have been removed from state court to federal district court by defendants' counsel, William Butler,[1] in recent months. In several other such cases, Freddie Mac moved to remand the eviction actions back to state court; however, in this case Freddie Mac elected to move for default judgment or summary judgment. [Docket No. 15].[2] It is this Court's determination that sua sponte remand is

---

[1] Butler was suspended from practice before the United States Court of Appeals for the Eighth Circuit on December 26, 2013. In re Butler, No. 13–9013 (8th Cir. Dec. 26, 2013). As a result, Butler was automatically suspended from practice before the District Court, effective December 26, 2013. See D. Minn. L.R. 83.6(b)(1); In re Butler, Misc. No. 13–49(MJD), ECF No. 10 (D. Minn. Jan. 14, 2014).

[2] Freddie Mac applied for entry of default judgment in connection with its eviction summons and complaint. Application for Entry of Default [Docket No. 5]. The Clerk entered default judgment on October 31, 2013. [Docket No. 8]. The Hoods moved to set the default aside arguing that their failure to answer the summons and complaint

2

appropriate without considering the merits of Freddie Mac's motion for summary judgment or defendants' motion to set aside the default judgment.

Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). Therefore, the court may raise sua sponte issues of subject matter jurisdiction and abstention from exercising jurisdiction, even if the parties concede the issues. Id. at 523; MCC Mortg. LP v. Office Depot, Inc., 685 F. Supp. 2d 939, 942 (D. Minn. 2010) (noting that the court raised the issue of abstention sua sponte). The district court must strictly construe the removal statute against removal jurisdiction and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction. 28 U.S.C. § 1447(c); Masepohl v. American Tobacco Co., Inc., 974 F. Supp. 1245, 1249 (D. Minn. 1997) (internal citation omitted).

The Hoods removed the case on the basis that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1452, and asserting that plaintiff is deemed a federal agency pursuant to 12 U.S.C. § 1452(2)(f). Without deciding whether this action was properly removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1345, the Court is persuaded that abstention from exercising jurisdiction is appropriate, as this District Court has decided in substantially similar cases. See Federal Home Loan Mortg. Ass'n v. Ville, Civ. No. 13-2136 (MDJ/JKK), 2014 WL 300948, at *1 (D. Minn. Jan. 28, 2014) (adopting Magistrate Judge's Report and Recommendation); Federal Nat'l Mortg. Ass'n v. Guevara, Civ. No. 13-3603 (JNE/JKK), 2014 WL 300985, at *1 (D. Minn. Jan. 27, 2013) (adopting Magistrate Judge's Report and Recommendation); Federal Nat'l Mortg. Ass'n v. Bullock, Civ. No. 13-1202 (JNE/JJK), 2014 WL 223445, at *1 (D. Minn. Jan. 21,

---

was "inadvertent." Memorandum in Support of Motion for Relief from Judgment [Docket No. 10].

2014) (adopting Magistrate Judge's Report and Recommendation); Federal Nat'l Mortg. Ass'n v. Guse, Civ. No. 13-801 (PJS/JSM), 2014 WL 127033, at *2 (D. Minn. Jan. 14, 2014) (adopting Magistrate Judge's Report and Recommendation); Federal Home Loan Mortg. Corp. v. Grantz, Civ. No. 13-1490 (PJS/AJB), 2013 WL 5202393, at *1 (D. Minn. Sept. 12, 2013) (Order adopted by District Court Sept. 16, 2013 (2013 WL 5203395 at *1 (D. Minn. Sept. 16, 2013)); Federal Nat'l Mortg. Ass'n v. Torborg, Civ. No. 13-1522 (DWF/AJB), 2013 WL 5567454, at *1-2 (D. Minn. Sept. 4, 2013) (Order adopted by District Court, 2013 WL 5567450, *1 (D. Minn. Oct. 9, 2013); Federal Home Loan Mortg. Corp. v. Angelberto Contreras, Civ. No. 13-897 (ADM/AJB), (D. Minn. Aug. 29, 2013) (Magistrate Judge's Order [Docket No. 25] adopted by District Court Oct. 1, 2013 [Docket No. 29]); Federal Home Loan Mortg. Corp. v. Briggs, Civ. No. 13–1243 (MJD/AJB), (D. Minn. Aug. 29, 2013) (Magistrate Judge's Order [Docket No. 18]); Federal Home Loan Mortg. Corp. v. Smith, No. 13-908 (JNE/AJB), (D. Minn. July 2, 2013) (Magistrate Judge's Order [Docket No. 39] adopted by District Court Aug. 12, 2013 [Docket No. 43]); Federal Home Loan Mortg. Corp. v. Stone, Civ. No.13-970 (JNE/AJB), (D. Minn. July 2, 2013) (Magistrate Judge's Order [Docket No. 36] adopted by District Court Aug. 12, 2013 [Docket No. 41]). There are no legally relevant facts on which to distinguish the present eviction action from those cases.

Federal courts may decline to exercise jurisdiction in "exceptional circumstances." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (quotation omitted). Abstention involves weighing principles of federalism and comity against the federal interest in retaining jurisdiction. Id. at 716, 728-29, 733-34. Federal courts exercise discretion to "restrain their authority because of scrupulous regard for the

4

rightful independence of the state governments and for the smooth working of the federal judiciary." Burford v. Sun Oil Co., 319 U.S. 315, 317-34 (1943) (citations omitted).

In MCC Mortg. the District Court determined that it could abstain from hearing an eviction action removed from Minnesota state court, citing Burford, 319 U.S. at 317-34. 685 F. Supp. 2d at 947. Under Burford, abstention is appropriate where the action involves "difficult questions of state law bearing on policy problems of substantial public import," or where the exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Quackenbush, 517 U.S. at 726-27 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)). The court in MCC Mortg., noted that "even where jurisdiction otherwise exists, courts often abstain from hearing eviction matters to avoid 'completely emasculat[ing] the state structure for dealing with such disputes.'"[3] 685 F. Supp. 2d at 946-47 (quoting MRM Mgmt. Co. v. Ali, Civ. No. 97-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997)). See also, e.g., Homesales Inc., of Delaware v. Greene, Civ. No.10-3024-CL, 2010 WL 1630469, at *2-3 (D. Or. March 25, 2010) (because unlawful detainer actions involve a state regulatory statute and important state policy issues, the federal court should abstain and remand the matter to state court) (Report and Recommendation adopted by District Court on other grounds, 2010 WL

---

[3] Although the court in MCC Mortg. declined to abstain from jurisdiction, that case is factually distinguishable from this action, which involves a post-foreclosure eviction of a former mortgagor. Further, this Court is aware that this action is one of numerous post-foreclosure eviction actions that have been removed to this Court in the last several months on the same removal grounds defendants invoke here, which further distinguishes the present action and the Court's ability to efficiently handle such summary eviction proceedings.

1630468, at *1 (D. Or. April 19, 2010[4]); CPG Finance I, L.L.C. v. Shopro, Inc., Civ. No. 06-3015-RED, 2006 WL 744275, at *4 (W.D. Mo. March 22, 2006) (noting that policy objectives underlying abstention support remand of removed dispossessory action) (quoting Quackenbush, 517 U.S. at 716) ("[A]bstention is warranted by considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration.")); Glen 6 Assocs. v. Dedaj, 770 F. Supp. 225, 228-29 (S.D.N.Y. 1991) (finding that principles of comity and federalism dictate abstaining from eviction matter and noting that accepting removal of eviction proceedings to federal court would overburden the federal system).

Although "abstention 'is the exception, not the rule,'" MCC Mortg., 685 F. Supp. 2d at 947 (quoting Colorado River Water Conservation Dist., 424 U.S. at 813), this Court concludes that abstention is appropriate in these circumstances. This post-foreclosure eviction action is a summary proceeding created by Minnesota state law (Minn. Stat. § 504B), the enforcement of which is delegated to Minnesota law enforcement personnel. See generally Minn. Stat. §§ 504B.001, subd. 4, 504B.365. See also Homesales Inc., 2010 WL 1630469, at *2-3 (noting that unlawful detainer "is a special statutory proceeding" regulated by state law, which provides such action be brought in state circuit courts). Eviction actions are fundamentally a matter of state law. See MCC Mortg., 685 F. Supp. 2d at 946. There is no federal interest in retaining the proceedings or federal right at stake, and there is no apparent prejudice in the action proceeding in state court. See, e.g., Glen 6 Assocs., 770 F. Supp. at 228. Minnesota state district courts and the Hennepin and Ramsey County Housing Courts are uniquely

---

[4]   In Homesales Inc., the district court found that it lacked subject matter jurisdiction over the unlawful detainer action, and therefore did not reach the issue of abstention in adopting the Magistrate Judge's recommendation of remand. 2010 WL 1630468, at *1.

qualified to handle efficiently the large volume of post-foreclosure eviction cases to which Freddie Mac is a party. As the court in Federal Home Loan Mortg. Corp. v. Matassino noted: "The court is very aware that dispossessory actions are now, and have always been, primarily state court matters. State courts are highly familiar with dispossessory procedure, and federal courts are ill-equipped to adjudicate these actions." Civ. No. 1:11-3895-CAP, 2012 WL 6622607, at *8 (N.D. Ga. Dec. 3, 2012). Here, it appears that the Hoods have removed the action to federal court seeking solely to delay the eviction proceeding in Hennepin County. Considering principles of comity, federalism, and judicial economy, the Court recommends that the matter be remanded to state court.

Because the Court has recommended that the District Court abstain from exercising jurisdiction over this action, it declines to consider the merits of defendants' Motion to Set Aside Default Judgment [Docket No. 9] and plaintiff's Motion for Default Judgment or Summary Judgment [Docket No. 15].

**RECOMMENDATION**

For the reasons set forth above, it is recommended that:

This action be remanded to Minnesota state district court.


Dated: February 13, 2014           *Janie S. Mayeron*
                                    JANIE S. MAYERON
                                    United States Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 27, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.